UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHLEY BATISTE** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-488-JWD-SDJ** |
| **WALMART INC., F/K/A WALMART STORES, INC., WAL-MART LOUISIANA, L.L.C. AND NATOINAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** | |

**ORDER**

Before the Court is Defendants' Motion to Reopen Fact Discovery, for Extension of Time to Reply to Plaintiff's Opposition to Motion for Summary Judgment, and to Compel Deposition of Marquis Hampton (R. Doc. 16), filed on September 30, 2022. Plaintiff filed a Memorandum in Opposition (R. Doc. 22) on October 14, 2022. For the reasons below, the motion is **DENIED** in its entirety.

**I.     Background**

This action arises from a slip and fall accident in a Walmart store in Baker, Louisiana. Plaintiff filed her Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, on July 23, 2021, and Defendants removed to this Court on August 24, 2021. (R. Doc. 1 at 1). A Scheduling Order was issued on November 9, 2021, including close of fact discovery on June 30, 2022, and trial beginning April 3, 2023. (R. Doc. 7).

Defendants filed a Motion for Summary Judgment on September 7, 2022 (R. Doc. 13), and Plaintiff filed a Memorandum in Opposition on September 28, 2022 (R. Doc. 15). Attached to Plaintiff's Opposition is an Affidavit by Marquis Hampton, a witness to the slip and fall incident.

(R. Doc. 15-4). Defendants filed the instant motion in response to the inclusion of Hampton's affidavit in Plaintiff's memorandum.

At the time of the accident, Hampton gave a witness statement to Defendant Walmart. (R. Doc. 15-7). In Defendants' initial disclosures, Hampton is listed among individuals who may have discoverable information, and his phone number is included; his statement at the time of the incident is included in the list of documents in Defendants' possession. (R. Doc. 22-2 at 1-2). Defendants allege that, despite repeated calls throughout the discovery period, Hampton was unavailable to both parties.[1] (R. Doc. 16-1 at 2). Plaintiff was, however, able to obtain an affidavit from Hampton after Defendants filed their Motion for Summary Judgment. (R. Doc. 15-4).

Upon learning of the affidavit, Defendants attempted to set up a deposition with Hampton, who gave dates he was available, but the discovery period had already closed, and Plaintiff's counsel did not consent to reopening fact discovery for the purpose of a deposition. (R. Doc. 16-1 at 3). Defendants claim that they did not have a chance to depose Hampton during the discovery period. (R. Doc. 16-1 at 3). Defendants thus filed the instant motion asking the Court to reopen fact discovery for the purpose of compelling a deposition of Hampton and to extend time to reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment in order to incorporate that deposition.

---

[1] Plaintiff disputes Defendants' characterization that Hampton was unavailable to both parties, noting that Defendants made assumptions about Plaintiff's contact with Hampton. (R. Doc. 22 at 4). The Court makes no determination on these facts, as the details of Plaintiff's contact with Hampton are irrelevant to Defendants' pursuit of discovery in this case.

## II.    Discussion

### A.    Reopening Discovery

Federal Rule of Civil Procedure 16(b)(4) specifies that a scheduling order "may be modified only for good cause and with the judge's consent." To show good cause, the party seeking relief has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir.2013) (per curiam) (internal quotation marks and citation omitted). Four factors are relevant to determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotations and citations omitted). Defendants address these factors in turn.

First, Defendants assert that they had a "justifiable explanation" for failing to timely seek discovery from Hampton because the witness was "uncooperative" during the discovery period—here, "uncooperative" seems to mean that Hampton merely did not answer his phone. (R. Doc. 16-1 at 5). Defendants do not assert that they tried to contact Hampton through other means. There is similarly no explanation why Defendants were unable to attempt to subpoena Hampton for deposition or seek Court intervention before the conclusion of the discovery period.

Rather than explaining their own actions or lack thereof, Defendants make vague allegations of wrongdoing by Plaintiff's attorneys and non-cooperation by the witness. (R. Doc. 16-1 at 5). Defendants say Plaintiff's counsel provided a "questionable explanation" as to why Hampton was not available during discovery but was available "to provide a deposition" to

Plaintiff's counsel after a motion for summary judgment was filed.[2] (R. Doc. 16-1 at 4). The Court notes that Plaintiff is not responsible for the actions of a third-party witness, and the supposedly questionable explanation for their obtaining an affidavit is simply that Hampton returned Plaintiff's calls. (R. Doc. 22 at 2). Defendants claim they were "not made aware of this witness or given an opportunity to depose him" (R. Doc. 16-1 at 3), but this representation is directly contradicted by the inclusion of Hampton and his witness statement in Defendants' own initial disclosures (R. Doc. 22-2 at 1-2) and by Defendants' attempts at contacting Hampton by phone. Because Defendants offer only a demonstrably disingenuous assertion of ignorance and fail to demonstrate adequate efforts toward timely pursuing a deposition from Hampton, the Court finds Defendants' explanation of their failure to timely seek discovery unacceptable and unpersuasive.

Second, Defendants' argument for the importance of modification also turns upon their supposed lack of opportunity to depose the witness. Defendants claim that because Plaintiff's argument against summary judgment puts considerable weight on Hampton's affidavit, it is particularly important that Defendants be able to depose him in order to respond to Plaintiff's arguments. (R. Doc. 16-1 at 5). Here, again, Defendants seem more intent on blaming Plaintiff's counsel than arguing for the importance of a schedule modification, calling the refusal to reopen fact discovery a "thinly veiled tactic to make Hampton further unavailable" to Defendants. (R. Doc. 16-1 at 6). The Court reiterates that Hampton is an independent third-party witness who was known to Defendants from the outset of this litigation. Defendants' choice to abandon attempts to contact Hampton rather than seek Court intervention during the discovery period belies their true position regarding the importance of Hampton's testimony. Defendants' miscalculation of the

---

[2] There is no reason to believe that Hampton participated in a deposition with Plaintiff's counsel; instead, he provided a written affidavit of his eyewitness account of the incident.

importance of Hampton's testimony during the discovery period does not warrant a modification of the discovery schedule to correct Defendants' mistake.

Third, Defendants claim they will be significantly prejudiced if not allowed to depose Hampton and not given an extension of time to respond to Plaintiff's Opposition to Summary Judgment. (R. Doc. 16-1 at 6). The Court notes that Hampton did not provide a deposition to Plaintiff, but rather a written affidavit; a deposition of the witness goes beyond what would make up for any theoretical prejudice caused by Plaintiff's use of the affidavit. Furthermore, an unfavorable decision on Defendants' Motion for Summary Judgment would not extinguish Defendants' ability to question Hampton—Defendants would be able to address the affidavit at trial, so any potential prejudice would be minimal. Finally, even if Defendants were significantly prejudiced by a lack of deposition, it is not the Court's responsibility to cure prejudice that a party has brought upon itself by failing to avail itself of every opportunity to timely obtain discovery from a witness.

Defendants have failed to demonstrate diligence in their pursuit of discovery; for this reason and the reasons given above, the Court finds no good cause for a modification of the discovery schedule for the limited purpose of deposing Hampton. Because the Court denies the request to reopen discovery, Defendants' request for extension of time to respond is unnecessary.[3]

---

[3] The Court notes that Defendants have already filed a Reply Memorandum (R. Doc. 21), so the requested extension is moot regardless.

**B.      Motion to Compel**

As the Court declines to reopen fact discovery, it need not address Defendants' request to compel Hampton's deposition; nevertheless, Defendants' deficient request to compel deposition further demonstrates Defendants' failure to diligently pursue discovery and supports denial of Defendants' motion. A party may compel deposition of any person without leave of the Court by use of subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1). Rule 45 sets forth the authority for a party to seek an order of compliance from a non-party. It states in part: "At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i).

Defendants request that the Court compel Hampton's deposition because the witness "has shown he is difficult to reach and previously failed to return defense counsel's calls" and did not want to speak to counsel once he learned they represented Defendants. (R. Doc. 16-1 at 8). There was no subpoena for Hampton's deposition, no court order that the witness has disobeyed, and there is no evidence in the record that Defendants have served notice upon Hampton that it seeks to compel his deposition.[4] Without a subpoena and without proof of notice to Hampton of this Motion to Compel, the Court will not compel his deposition. *See Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. CIV.A. 12-257-JJB, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014) (denying a motion to compel when the commanded party was not served with the motion).

---

[4] The Certificate of Service attached to this Motion attests that this Motion was filed electronically using the CM/ECF system and that notice will be sent to all counsel via the Court's electronic filing system. Hampton is a non-party witness, so he will not be served through the Court's electronic filing system, and there is not further certification that service was made upon Hampton himself.

## III.   Conclusion

For the reasons above, Defendants' Motion to Reopen Discovery, Extend Time to Reply, and Compel Deposition is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 17, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**